UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 95-10004-JDT |
| | ) | |
| FREDERICK L. JEFFERSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On August 9, 2021, the Court received a letter from Bureau of Prisons (BOP) immate Falasha Ali, BOP register number 40804-048, on behalf of the Defendant in this case, Frederick L. Jefferson. The document is titled "Re: Motion For Appointment of Counsel on behalf of Frederick Jefferson per Compassionate Release, 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 105 at PageID 68.) Mr. Ali urges the Court to appoint counsel for the Defendant "to explore the possibility of Compassionate Release." (*Id.* at PageID 70.)

The Court has not received a motion for compassionate release from Defendant Jefferson. To the extent Mr. Ali's letter is intended as an actual motion to appoint counsel for Mr. Jefferson to file such a motion, it is improper. Pursuant to 28 U.S.C. § 1654, "[i]n all court of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage." The

statute prohibits a non-lawyer from representing a party in federal court, including filing and signing motions or other documents seeking action by the Court.  Doing so could constitute the unauthorized practice of law.  *See Vaughn v. City of Flint*, 752 F.2d 1160 (6th Cir. 1985); *United States v. Davis*, No. 5:02-111-JMH, 2012 WL 540562, at *1 (E.D. Ky. Feb. 17, 2012).  Therefore, if Mr. Jefferson wishes to seek relief from the Court, he must file and sign his own pleadings; Mr. Ali may not do it for him.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE